UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHEKSA M.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C19-5370 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found degenerative disc disease of the cervical and lumbar spine, left knee meniscal tear, right carpal tunnel syndrome, and a depressive disorder, an anxiety disorder, a personality disorder and post-traumatic stress disorder are severe impairments; plaintiff has the residual functional capacity (RFC) to perform light work with additional limtiations; and plaintiff has no past relevant work but is not disabled because she can perform other work in the national economy. Tr. 43-56.

Plaintiff contends the Court should remand the case for an award of benefits because the ALJ failed to explain why probative evidence was rejected, and misevaluated the opinions of examining doctor Keith Ly, M.D. and Stephanie Naas, FNPC. Dkt. 10. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.      Consideration of Lay Home Care Evidence**

Plaintiff argues the ALJ erred by rejecting or by failing to discuss evidence she received 77 hours of home care in January 2017. *See* Opening Brief, Dkt. 10 at 4. She contends this evidence shows she needs help with activities of daily living both in and outside her home and help with behavioral issues such as yelling, screaming, irritability, agitation and cutting when stressed. *Id.* Plaintiff submits this evidence "suggests severe limitations that Plaintiff is dealing with." *Id.*

The Commissioner argues the Court should reject the argument because (1) plaintiff has failed to show how the ALJ erred, and has failed to demonstrate prejudice; (2) "the ALJ reasoned that the medical evidence of record and Plaintiff's activities supported a greater level of functioning than suggested by the award of chore service assistance by the state"; and (3) there is no basis to determine how the chore services were arrived at. Dkt. 12 at 3-4.

The ALJ's decision notes plaintiff received home care but does not explain what weight the records were given. Tr. 51. The Court thus rejects the Commissioner's second and third arguments as impermissible post hoc arguments. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). The ALJ gave no reasons to reject the evidence and the Court accordingly cannot adopt the rationale the Commissioner now presents.

However, the Commissioner's first argument merits close scrutiny. Plaintiff bears the burden of establishing the ALJ harmfully erred. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court may deem any argument that is unsupported by explanation or authority as

waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)). Here, the homecare records indicate, on their face, plaintiff has physical and mental health limitations that are similar to her testimony about her limitations. Hence the fact plaintiff did not explicitly explain how the ALJ erred and how she was prejudiced is not automatically fatal. This is evident because the records, if believed, set forth limitations the ALJ should have addressed. The ALJ failed to do so and accordingly erred.

The error however is harmless. The homecare records are lay records. The ALJ failed to provide reasons to reject this lay evidence. However, the ALJ rejected plaintiff's testimony about limitations which are similar to the limitations indicated in lay home care evidence. In specific the ALJ rejected plaintiff's testimony as unsupported by the medical record and inconsistent with her activities. Tr. 49, 51. Plaintiff does not challenge these determinations. Because the ALJ rejected plaintiff's testimony for reasons that are equally relevant to the lay home care evidence, any error the ALJ may have committed is harmless. *Molina*, 674 F.3d at 1115 (Where ALJ gives reasons for rejecting claimant's testimony regarding her symptoms that are equally relevant to the similar testimony of the lay witnesses, and that would support a finding that the lay testimony was similarly not credible, any error the ALJ committed in failing to address the lay testimony is harmless.). The Court accordingly affirms the ALJ's determination as to the homecare records.

**B.     Medical and Other Source Evidence**

Plaintiff contends the ALJ misevaluated the opinions of Dr. Ly and Ms. Naas, FNPC. The ALJ must provide specific and legitimate reasons to reject a contradicted medical opinion, such

as Dr. Ly's. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Ms. Naas is a Family Nurse Practioner. She is therefore not an acceptable medical source who can give medical opinions for claims filed before March 27, 2017. Plaintiff filed her claim in 2015 and the ALJ therefore evaluates opinions of other medical sources using the same factors used to evaluate medical opinions of acceptable medical sources, 20 C.F.R. § 419.927(f), and must give specific, germane reasons for rejecting opinions from other sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

### 1. Dr. Ly

In August 2014, Dr. Ly performed a physical functional evaluation and diagnosed plaintiff with meniscus tear of the left knee, radiculopathy L-5, S-1 and depression/anxiety. Tr. 1351. He opined plaintiff was "severly limited" and unable to meet the demands of sedentary work. Tr. 1352. The ALJ rejected Dr. Ly's opinions finding the doctor "did not report any objective findings to support his opinion other than range of motion testing and MRI" of the left knee, and that the opinion is inconsistent with treatment records showing in August 2015, plaintiff could "shop at a flea market and walk more after her car broke down." Tr. 51-52. The ALJ further noted in February 2016 plaintiff reported she enjoyed walking, plaintiff's knee condition was treated conservatively, and she did not receive surgery until June of 2016. Tr. 52.

Plaintiff argues the ALJ impermissibly substituted his non-medical opinion for the opinion of the doctor. Dkt. 10 at 5. The ALJ may properly reject a medical opinion that is conclusory or not supported by relevant medical documentation. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999). Here Dr. Ly opined plaintiff is markedly limited in her ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, crouch, and communicate, Tr. 1351, but provided no explanation for how he arrived at these conclusions. Plaintiff argues the ALJ impermissibly second guessed Dr. Ly's reading of the test results including the MRI. Dkt. 10 at 5. But the implication Dr. Ly's opinions are based upon these results is unsupported because Dr. Ly did not indicate what supported his opinions about plaintiff's limitations. The Court accordingly finds the ALJ reasonably rejected Dr. Ly's opinions as unsupported. Because the ALJ gave a valid reason supported by substantial evidence, even if the other reasons the ALJ articulated are errorneous, the errors are harmless.

### *2.     Ms. Naas*

Plaintiff contends the ALJ erred in discounting opinions contained in a source statement Ms. Naas prepared in March 2017. Dkt. 10 at 6. The ALJ rejected Ms. Naas' opinions as inconsistent with treatment notes from November 2017 which indicated plaintiff has "normal gait, ability to stand without difficulty, normal strength in the claimant's upper and lower extremities including bilateral grip strength, and intact sensation." Tr. 53. Substantial evidence does not support the finding. First Ms. Naas did not opine plaintiff had abnormal gait, could not stand without difficulty, had abnormal strength and sensation. Rather Ms. Nass' March 2017 assessment indicates plaintiff can frequently reach, handle, push and pull, feel, could lift 20 pounds for 1/3 of a work day and could stand, sit and walk with limitations. Tr, 1166-73. Ms. Naas also indicates radiating pain presents a problem for plaintiff. Tr. 1168, 1169, and Tr. 1171

(Plaintiff would have pain even after exerting herself within exertional limits and would reduce concentariona and attention.). One cannot reasonably says that the pain complaints are inconsistent with plaintiff's ability to stand, walk etc.

Second the November 2017 treatment report the ALJ relied upon indicates plaintiff has a back injury and has back pain and pain running to the outside of her leg and into her foot. Tr. 1466. Plaintiff received "shots" which were not helpful and a "dsicogram showed disc pain." *Id.* In the review of systems section, the treatment note states under "musculoskeletal" that plaintiff has "back pain, neck pain, muscular weakness, muscles cramping, muscular pain, stiffness, joint pain." *Id.* In the same section under "neurologic" the note states "tingling or numbness, Denies, incoordination, difficulty concentrating, memory difficulties, loss of balance, tremor, shooting pain." *Id.*

And third, the November 2017 treatment note does not indicate any of the above pain symptoms are imaginary or inconsistent with any of the other findings noted such as normal strength, can stand without difficult, normal grip, etc. In short, substantial evidence does not support the ALJ finding the November 2017 treatment note contradicts Ms. Naas' March 2017 assessment. The ALJ accordingly erred. The error is harmful because it resulted in a RFC determination that fails to account for all limitations assessed by Ms. Naas.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Although plaintiff requests an award of benefits, the Court finds the record is not fully developed and that further proceedings would be useful. The Court has affirmed the Commissioner in most respects and the ALJ must reassess Ms. Naas' opinions which is something the Court declines to do on

appeal. Accordingly, on remand, the ALJ shall reassess the opinions of Ms. Naas, develop the record and redetermine plaintiff's RFC as needed, and proceed to the remaining steps as appropriate..

DATED this 5th day of December, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge